UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Frank M. Peck, | Case No. 2:23-cv-01870-CDS-MDC |
| Plaintiff | **Order Screening Complaint and Denying Plaintiff's Motion for Appointment of Counsel** |
| v. | |
| Rivas, et al., | |
| Defendants | [ECF Nos. 1-1, 8] |

Plaintiff Frank M. Peck, who is incarcerated in the custody of the Nevada Department of Corrections at High Desert State Prison ("HDSP"), has submitted a civil-rights complaint under 42 U.S.C. § 1983. ECF No. 1-1. He has paid the filing fee. *See* ECF No. 5. The Court now screens Peck's complaint under 28 U.S.C. § 1915A.

I.    **Screening Standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be

granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune

from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of complaint

In his complaint Peck sues HDSP doctors Rivas, Martin, Augustine, Manalang, and Minev; HDSP Associate Warden of Operations James Scally; and 15 Doe Defendants for events that occurred at HDSP. ECF No. 1-1 at 3. He sets forth his allegations as four claims and seeks monetary damages and injunctive relief. *Id.* at 5-9. As a preliminary matter, the Court notes that the use of "Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Id.* If the true identity of any of the Doe Defendants comes to light during discovery, Peck may move to substitute the true names of Doe Defendant(s) to assert claims against the Doe Defendant(s) at that time.

Peck alleges the following. On or about December 17, 2017, Dr. Rivas examined him regarding his complaints about mid and lower back pain. Dr. Rivas said it could be gall bladder or kidney pain and prescribed acetaminophen. Peck has since repeatedly submitted written requests for an actual diagnosis and more pain medication. To date, Drs. Rivas, Martin, Augustine, Manalang, and Does have failed to acknowledge or respond to his requests. He suffers extreme pain and has difficulty breathing or standing upright. Drs. Rivas, Martin, Augustine, and Manalang have also refused to order a low-fat, low-cholesterol medical diet for Peck and his triglycerides are now elevated.

On October 7, 2019, Dr. Augustine ordered Dilantin 300 mg x2 daily after years of Peck taking 400 mg daily, which caused Peck to go "man down" on November 20, 2019. Dr. Manalang misdiagnosed Peck with TIA, Dr. Bryan then correctly diagnosed him with Dilantin toxicity. Dr. Martin subsequently ordered that Peck be seen by a neurologist. Does 1-10 on the medical panel cancelled that appointment due to cost. Since the overdose, Peck has repeatedly requested diagnosis and treatment for the overdose with no response from any medical provider. Since the overdose Peck has had difficulty sleeping. No Does have followed up or provided a diagnosis or

treatment. Medical personnel have intentionally failed to acknowledge and respond to his medical kites, and they have not returned a copy to him. He has difficulty moving in certain ways, and Dr. Rivas refused to order an x-ray.

As far back as July 28, 2021, doctors failed to treat Peck's pre-diabetes and continued to ignore his blood sugar levels until he was diagnosed with Type III diabetes. Scally delayed and hindered exhaustion of Peck's grievances, delaying treatment of this serious condition. Drs. Minev and Rivas have failed to diagnose or treat Peck's pain that was the subject of his 1983 complaint in case no. 2:21-cv-01865-CDS-EJY.

Based on these allegations, Peck asserts that Drs. Rivas, Martin, Augustine, Manalang and Does acted with deliberate indifference to his serious pain and elevated triglycerides (claim 1); that after he suffered Dilantin toxicity Does on the medical panel canceled a neurologist appointment due to cost in deliberate indifference to his serious medical needs and medical staff refuses to respond to his kites or give him copies of the kites (claim 2); Scally acted with deliberate indifference to Peck's serious medical needs when he delayed and hindered Peck's medical grievances, resulting in delayed treatment for his diabetes (claim 3); and Drs. Minev and Rivas have acted with deliberate indifference to Peck's serious medical needs by failing to diagnose or treat his pain that was the subject of an earlier 1983 complaint filed by Peck (claim 4).

**A.  Peck's Claims are Barred by Res Judicata**

Peck's allegations implicate his Eighth Amendment right to be free from deliberate indifference to his serious medical needs. However, he brought these claims based on the same allegations in his earlier 1983 complaint. Case no. 2:21-cv-01865-CDS-EJY, ECF No. 17. "Res judicata," or claim preclusion, provides that final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. *See United States v. Bhatia*, 545 F.3d 757 (2008); *Poblete Mendoza v. Holder*, 606 F.3d 1137 (9th Cir. 2010). In his earlier case the parties reached a settlement, and the case was dismissed with prejudice in September 2023.  2:21-cv-01865-CDS-EJY at ECF No. 55. This current complaint, therefore, is duplicative, barred by res judicata and subject to dismissal.

If Peck seeks to argue that the parties have breached the settlement agreement, that is a state-law contract claim that he needs to raise in state court. *See Kelly v. Wengler*, 822 F.3d 1085, 1094–1095 (9th Cir. 2016). This Court lacks jurisdiction to consider such a claim. *See id.* at 1094, citing *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) ("when a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends"). The Court, accordingly, dismisses this complaint with prejudice and without leave to amend as amendment would be futile.

### III.    Conclusion

It is therefore ordered that this § 1983 action is DISMISSED with prejudice as set forth in this order.

It is further ordered that Peck's motion for appointment of counsel **[ECF No. 8] is DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: August 6, 2024

_____
Cristina D. Silva
United States District Judge